UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FURNITURE, MATTRESSES & MORE LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket No. 1:19-cv-00154-NT ) |
| TEXAS RUSTIC, INC., | ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S PARTIAL MOTION TO DISMISS**

Before me is the Plaintiff's motion to dismiss three of the four counterclaims asserted by the Defendant. Pl.'s Mot. Partial Dismissal of Counterclaim ("**Pl.'s Mot.**") (ECF No. 19). For the reasons set forth below, I conclude that the Defendant has failed to plead its fraud-based counterclaims with the particularity required by Federal Rule of Civil Procedure 9(b).

**BACKGROUND**

Plaintiff, Furniture, Mattresses & More LLC ("**FMM**" or the "**Plaintiff**"), is a retail furniture store organized and operated in Bangor, Maine. Compl. ¶¶ 1, 5 (ECF No. 1). Defendant, Texas Rustic, Inc. ("**Texas Rustic**" or the "**Defendant**"), is a wholesale furniture seller incorporated and with its principal place of business in Madisonville, Texas. Compl. ¶¶ 2, 6.

At an April 2018 furniture show in North Carolina, a representative of FMM met with a representative of Texas Rustic. Compl. ¶¶ 7, 8. Shortly thereafter, FMM

placed its first order for Texas Rustic's furniture, which was shipped to Maine on April 20, 2018. Compl. ¶ 13, Ex. 1 at 2 (ECF No. 1-1). Between April and December of 2018, Texas Rustic supplied furniture to FMM with a total product cost of over $400,000. Compl. ¶ 14; Def.'s Answer and Counterclaims 8.

In October of 2018, FMM began receiving complaints from customers that the wooden furniture supplied by Texas Rustic was cracking and splitting. Compl. ¶ 16. After a series of interactions between FMM and Texas Rustic, FMM sent Texas Rustic a Notice of Rejection of Defective Goods and a Notice of Revocation of Acceptance of Defective Goods on January 24, 2019. Compl. ¶ 38.

FMM filed suit on April 11, 2019, asserting nine claims sounding in both contract and tort. Compl. ¶¶ 44–84. I later denied the Defendant's motion to dismiss or, in the alternative, to transfer the case to the U.S. District Court for the Southern District of Texas. (ECF No. 10.) Texas Rustic subsequently brought four counterclaims: (1) Breach of Contract (Counterclaim I), (2) Fraud (Counterclaim II), (3) Constructive Fraud (Counterclaim III), and Fraudulent Inducement (Counterclaim IV). Def.'s Answer and Counterclaim 11–14 (ECF No. 12). The Plaintiff has moved to dismiss the three counterclaims sounding in fraud (Counterclaims II, III, and IV), arguing that Texas Rustic has failed to state a claim. Pl.'s Mot. 5.

## DISCUSSION

### I. Legal Standard

Generally, to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Mehta v. Ocular Therapeutix, Inc.*, 955 F.3d 194, 205 (1st Cir. 2020). For most claims, a plaintiff need only plead a "short and plain statement of the claims showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and alterations omitted).

But "[c]ases alleging fraud . . . constitute an exception to this general proposition." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). In such cases, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The First Circuit has explained that "the circumstances to be stated with particularity under Rule 9(b) generally consist of 'the who, what, where, and when' " of the claim. *Dumont v. Reily Foods Co.*, 934 F.3d 35, 38 (1st Cir. 2019) (internal quotations omitted and alteration adopted). "The core purposes of Rule 9(b) are 'to place the defendants on notice and enable them to prepare meaningful responses,' 'to preclude the use of a groundless fraud claim as pretext for discovering a wrong,' and 'to safeguard defendants from frivolous charges [that] might damage their reputation.' " *Id.* at 39 (quoting *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987)).

II. **Applicable Law**

As an initial matter, the parties dispute which state's law should apply to the fraud claims. FMM asserts that Maine law should apply, whereas Texas Rustic argues that Texas law is applicable.

3

A federal court sitting in diversity jurisdiction applies the choice of law principles of the forum state. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017); *see also In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 14 (1st Cir. 2012). Maine has followed the approach of the Restatement (Second) of Conflict of Laws. *Ricci v. Alt. Energy, Inc.*, 211 F.3d 157, 165 (1st Cir. 2000); *see also Uncle Henry's Inc. v. Plaut Consulting Co., Inc.*, 399 F.3d 33, 42 (1st Cir. 2005); *Flaherty v. Allstate Ins. Co.*, 822 A.2d 1159, 1165–66 (Me. 2003). The parties agree that the relevant section of the Restatement provides,

> 2) When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) Conflict of Laws § 148(2) (1971).

As is clear from the Restatement, determining which state's law applies is a fact-based inquiry, and, at this stage, the factual record is insufficiently developed. *See Galley v. Kreutzig*, No. 2:15-cv-00047-JDL, 2015 WL 2349373, at *7 (D. Me. May 15, 2015) (explaining that Maine's choice of law analysis is "highly fact intensive" and declining "to engage in that inquiry without a more fully developed record").

4

Nevertheless, I need not decide the choice of law dispute at this time because I conclude that Texas Rustic has failed to meet Rule 9(b)'s heightened pleading standard under either state's law.

Under Maine law, a fraud claim exists where a defendant "(1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." *Grover v. Minette-Mills, Inc.*, 638 A.2d 712, 716 (Me. 1994); *see also Barr v. Dyke*, 49 A.3d 1280, 1286–87 (Me. 2012). An omission or failure to disclose can also rise to the level of a false representation if there was " '(1) active concealment of the truth, or (2) a specific relationship imposing on the defendant an affirmative duty to disclose.' " *Old Town Util. & Tech. Park, LLC v. Consolidated Edison Solutions, Inc.*, No. 2:19-cv-00029-JDL, 2019 WL 4784603 (D. Me. Sept. 30, 2019) (quoting *Fitzgerald v. Gamester*, 658 A.2d 1065, 1069 (Me. 1995)); *see also Barr*, 49 A.3d at 1287 (stating that the elements of fraudulent concealment are (1) a failure to disclose, (2) a material fact, (3) where a legal or equitable duty to disclose exists, (4) with the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure, and (5) which is in fact relied upon to the aggrieved party's detriment).

Under Texas law, the elements of fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the

truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co.*, 341 S.W.3d 323, 337 (Tex. 2011) (internal quotations omitted). Texas law also recognizes that "a failure to disclose information" can constitute fraud, but only where "there is a duty to disclose the information." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Thus, as the Texas Supreme Court has explained, "silence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent."[1] *Id.* The duty to disclose may arise

> (1) when the parties have a confidential or fiduciary relationship, (2) when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth, (3) when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue, or (4) when one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak.

*Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App. 2007).

---

[1] Texas Rustic attempts to argue that Texas law recognizes a fraud claim "where one party has superior knowledge of facts" and fails to disclose. *See* Def.'s Response 5 (citing *Italian Cowboy Partners*, 341 S.W.3d at 338). However, that is an imprecise reading of Texas law. In *Italian Cowboy Partners*, the defendant had not just failed to disclose facts but had affirmatively offered statements about the condition of a restaurant site it was selling. *Id.* at 339. The Texas Supreme Court concluded that those statements were "false statements of fact" that opened the door to the plaintiff's fraud claims. *Id.* Moreover, the court added that, even assuming the defendant's statement were expressions of opinion, its "one-sided knowledge of past facts [made] these particular representations actionable under the circumstances." *Id.* Nowhere did the court hold that mere failure to disclose could support a fraud claim just because the party had superior knowledge.

As the above demonstrates, both Maine and Texas recognize actions for fraud only if there is a materially false statement or, for fraud based on omission, only if the party that failed to disclose had an obligation to disclose or actively worked to conceal the truth.

## III.   Analysis of Defendant's Claims

Texas Rustic asserts three fraud-based counterclaims against FMM: Fraud, Constructive Fraud, and Fraudulent Inducement. Texas Rustic fails to plead any of the counterclaims with sufficient particularity, either as fraudulent statements or omissions.

The following are the entirety of Texas Rustic's factual assertions about FMM's fraudulent statements or omissions:

> 15.   Counter-Defendant represented and/or warranted to Counter-Plaintiff that it was an experienced retailer who had done business in the State of Maine for many years.
>
> 16.   Counter-Defendant's knowledge of the Maine climate is superior to that of Counter-Plaintiff. At the time of Counter-Defendant's purchases Counter-Plaintiff did not have reason to know any particular purpose for which the goods were required, and further, had no reason to know that Counter-Defendant was relying on Counter-Plaintiff's skill or judgment to select or furnish suitable goods.
>
> 17.   In the course of its business, or in a transaction in which it had a pecuniary interest, Counter-Defendant supplied false information (or failed to disclose information) to Counter-Plaintiff; specifically, but not limited to the effects of the climatic and/or storage conditions to which the furniture in question would be exposed.
>
> 18.   Counter-Defendant made the representations set out above with the intent that Counter-Plaintiff would rely upon them.
>
> 20.   Further, as set out above, Counter-Defendant was in possession of information concerning the marketing, sale, use, and storage of the furniture that was not reasonably available to Counter-Plaintiff.

7

> 21. Counter-Defendant was therefore under a duty to disclose such information under applicable law.
>
> 22. Further, Counter-Defendant made partial disclosures to Counter-Plaintiff concerning the destination of the furniture to be sold.
>
> 23. Even if true, such partial disclosures were misleading.
>
> 24. Counter-Defendant therefore had a duty to make full disclosure under applicable law.

Def.'s Answer and Counterclaims ¶¶ 15–24 (ECF No. 12).

If intended to support Texas Rustic's claim of fraudulent statements and misrepresentations by FMM, these factual assertions fall short. None contains a "when" or a "where," and all except for ¶ 15—which the Defendant does not appear to contend is a false statement—also lack a "what." Although ¶ 17 alleges that FMM "supplied false information," including "the effects of the climatic and/or storage conditions to which the furniture in question would be exposed," this assertion lacks the particularity required by Rule 9(b) because it does not state when or where FMM provided the false information or what information was even provided. *See Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013) (holding that plaintiff's "vague pleading [fell] short of Rule 9(b)'s particularity requirement" where plaintiff included "a basic recitation of the elements of fraud" but did not indicate "when, where, and how often the allegedly false statements were made or what, specifically, was stated"); *OfficeMax Inc. v. Cty. Qwik Print, Inc.*, 802 F. Supp. 2d 271, 280 (D. Me. 2011) (dismissing counterclaim because defendant alleged "numerous, discrete instances of fraud" but "fail[ed] to specify dates for each alleged discrete instances of fraud").

If intended to support a claim for failure to disclose, Texas Rustic's factual allegations fail to set forth an actionable claim under either Maine or Texas law and are likewise impermissibly vague. In a conclusory fashion, Texas Rustic asserts that FMM "was in possession of information concerning the marketing, sale, use, and storage of the furniture that was not reasonably available" to Texas Rustic and thus FMM was "under a duty to disclose such information under applicable law."[2] Def.'s Answer and Counterclaims ¶¶ 20–21. But neither Maine nor Texas recognizes a duty to disclose in arm's-length transactions simply because one side possesses greater knowledge. *See, e.g., Ramsey v. Baxter Title Co.*, 54 A.3d 710, 713 (Me. 2012) ("We will not impose fiduciary duties based on arms-length business relationships alone."); *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674–75 (Tex. 1998) (explaining that, "[g]enerally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship," such as "attorney-client, partnership, and trustee relationships" or when "the parties have dealt with each other in such a manner for a long period of time"). And, despite Texas Rustic's conclusory assertion that FMM had a duty to disclose, Texas Rustic pleads no facts suggesting that a fiduciary or confidential relationship existed. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176–77 (Tex. 1997) (explaining that a fiduciary relationship creating a duty to disclose may occasionally arise through an informal relationship but, "to

---

[2] In its response, Texas Rustic appears to argue that FMM is liable under Maine Law because it actively concealed the "potential effects of Maine's winter climate on softwood furniture." Def.'s Response 5 (ECF No. 26). The Maine Supreme Court has clarified that "[a]ctive concealment of the truth connotes steps taken by a defendant to hide the true state of affairs from the plaintiff." *McGeechan v. Sherwood*, 760 A.2d 1068, 1081 (Me. 2000). In its factual statements, Texas Rustic nowhere identifies any steps that FMM allegedly took to conceal any information.

9

impose such a relationship in a business transaction, the relationship must exist prior to, and apart from," the agreement at issue in the suit).

Viewing the pleading in the light most favorable to Texas Rustic, I could consider the assertions set forth in ¶¶ 22–24 to plausibly allege that FMM had engaged in fraud by making partial and incomplete disclosures. But, again, these assertions lack the particularity required under Rule 9(b). Texas Rustic does not explain when or where the partial disclosures were made, what FMM did disclose, or, importantly, what FMM omitted. Rather, Texas Rustic vaguely states that the disclosures "concern[ed] the destination of the furniture to be sold." Def.'s Answer and Counterclaims ¶ 22. This does not meet Rule 9(b)'s requirements.

### IV.    Leave to Amend

Texas Rustic asks that, if its counterclaims fail to satisfy Rule 9(b)'s pleading standard, it be permitted to amend its pleading to conform with the rule. Although no motion to amend has been filed, I will provide Texas Rustic seven (7) days to file to file a motion to amend showing why its proposed amendments to its counterclaims will not be futile.

### CONCLUSION

For the reasons stated above, the Court concludes that the Defendant has failed to meet the pleading standards required by Rule 9(b). The Defendant shall have seven (7) days to file a motion to amend its counterclaims. If no motion to amend is

filed on or before June 5, 2020, I will grant Plaintiff's partial motion to dismiss and dismiss Counterclaims II, III, and IV.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 29th day of May, 2020.